UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD M. P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-284 JMB |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [Doc. # 26]. Defendant has filed a response objecting to the amount of fees sought and plaintiff has filed a reply. [Docs. #27 and # 28].

**I.     Background**

Plaintiff applied for $9,517.580, representing 46.6 hours of attorney work at the hourly rate of $204.24.[1]  Plaintiff also seeks an additional 2.5 hours for time expended to prepare a reply in support of the fee application. Defendant does not oppose the requested hourly rate but argues that plaintiff's request for 41.9 hours for briefing the issues in this case should be reduced to 25 hours.[2]

Plaintiff's brief in support of his complaint raised four issues. First, he contended that the Administrative Law Judge (ALJ) erred in failing to identify and reconcile conflicts between the

---

[1] Plaintiff assigned any EAJA fee award to counsel. [Doc. # 26.3].

[2] Plaintiff spent an additional 2.4 hours on tasks related to opening the case, 1.0 hours reviewing routine filings, and 1.3 hours reviewing or drafting substantive filings.

Dictionary of Occupational Titles (DOT) and the vocational expert's testimony regarding alternative work available in the national economy that could be performed by the hypothetical individual with the limitations proposed by the ALJ.[3]  Second, he argued that the ALJ erred in focusing the analysis of plaintiff's IQ on adaptive strengths, rather than deficits in adaptive functioning, as required by the Supreme Court in Moore v. Texas, 137 S. Ct. 1039 (2017).  Third, plaintiff argued, the ALJ improperly relied on her lay medical understanding in determining that plaintiff's childhood IQ score was not significantly subaverage and then using that determination to discount the lower IQ scores obtained when plaintiff was an adult.  Finally, plaintiff argued that the ALJ erred in failing to obtain the opinion of a medical expert in determining whether his intellectual impairment equals Listing 12.05.  After plaintiff filed his brief in support of the complaint, defendant moved to remand the matter for further consideration.  Plaintiff concurred and the Court granted the motion.  Plaintiff timely filed his application for fees.

## II.     Discussion

In reviewing an EAJA application, the Court considers "not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases in the area." Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004).

Defendant argues that this case raised "generally straightforward" issues.  The Court believes that issues involving IQ and conflicts with the DOT are more complex than defendant's characterization suggests.  As defendant further asserts, however, plaintiff's counsel previously

---

[3] Plaintiff states that two of the three jobs identified by the vocational expert require reading and writing skills in excess of the limits in the hypothetical posed by the ALJ.

addressed two of the issues in a brief submitted in April 2018. In the brief in support of the complaint in Kimmy M. R. v. Berryhill, 4:17-CV-2908-SPM (E.D. Mo. Apr. 18, 2018), plaintiff's counsel argued that the ALJ improperly weighed the plaintiff's adaptive strengths rather than addressing deficits in adaptive functioning and failed to obtain a medical opinion in determining whether the plaintiff's cognitive deficits equal a listing. [Doc. # 27-1 at 9-10; 12-14]. The parties dispute whether the overlap between the two briefs constitutes "nearly half" of plaintiff's argument here [Doc. # 27 at 2], or merely three paragraphs [Doc. # 28 at 2-3]. This argument regarding how much plaintiff's counsel "borrowed" from other writings is beside the point. It is not unusual for parties, ALJs, and courts to re-use previously drafted legal standards and arguments for the sake of efficiency. But this practice does not eliminate the need to summarize the medical record and identify the issues before the drafting begins. Here, the medical evidence included 30-year-old special education records, mental health records from the Missouri Department of Corrections, an assessment from the Missouri Division of Vocational Rehabilitation, three tests of cognitive functioning, and records from four inpatient hospitalizations. Thus, the Court is not persuaded that the nature of the issues or prior briefing justifies reducing the hours in this case. See Williams v. Berryhill, No. 4:16-CV-794-DDN (E.D. Mo. Aug. 28, 2017) (rejecting argument that fee request should be reduced because counsel was experienced practitioner and arguments were typical).

Defendant argues that the "guideline range" for briefing social security cases is 15 to 20 hours, citing three cases in support. In Thomas v. Astrue, No. 10-1255-CV-W-FJG, 2012 WL 1564291, at *1 (W.D. Mo. Apr. 25, 2012), the court reduced plaintiff's hours by fifty percent to 18.625 hours, an amount that was "within the guideline range of 15 to 20 hours . . . for cases which do not involve novel or complex issues." Similarly, in Reed v. Astrue, No. 4:10CV431 TIA, 2011 WL 3943606, at *2 (E.D. Mo. Sept. 7, 2011), the court reduced plaintiff's request for 55.8 hours

to 32.5 (noting that plaintiff did not claim that the issues were novel or complex). Finally, in Johnson, 2004 WL 213183, the court reduced a request for 36.7 hours to 23.9, without addressing whether the issues were novel or complex. Because these cases addressed more routine issues than those raised here, they are not useful comparators.

In his reply, plaintiff cites several cases to support his contention that his requested hours are well within the usual number of hours for similar cases in the area. In Kolich v. Berryhill, No. 16-CV-792-MDH, (W.D. Mo. Nov. 30, 2017), the court approved 44.9 hours over the defendant's objection. In Williams v. Berryhill, No. 4:16-CV-794-DDN (E.D. Mo. Aug. 28, 2017), the court approved 52.65 hours for a case where the records included visual-impairment medical records with unfamiliar medical terminology. A review of the docket sheets for these cases shows that counsel filed reply briefs, something that did not occur in this case. In Inboden v. Berryhill, No. 14-CV-915-CJP, 2017 WL 1348028, at *3 (S.D. Ill. Apr. 5, 2017), the court approved 56.2 hours in a case in which the evidentiary record was over 1,200 pages long, finding the request was "not completely outside the realm of reasonableness for a social security disability case, albeit on the high end." In Barnett v. Berryhill, No. 15-CV-1018-CJP, 2017 WL 1348037, at *2 (S.D. Ill. Apr. 5, 2017), the court reduced plaintiff's request for 88.3 hours to 77.37 hours. These cases establish that 46.6 hours is not *per se* unreasonable for social security cases in this area. Based on these cases, however, and in light of the comparatively small administrative record and the fact that plaintiff did not have to file a reply in support of his complaint, the Court will reduce plaintiff's request by 5 hours. In addition the Court will reduce by 50 percent, or 0.5 hours, the time spent reviewing routine filings. The Court will grant plaintiff's request for an additional 2.5 hours to reply to defendant's opposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees [Doc. # 26] is **granted**. Plaintiff is awarded attorney's fees in the amount of $8,904.86 for 43.6 hours (46.6 hours as requested in the motion plus 2.5 hours for reply minus 5.5 hours as detailed above), to be paid by the Social Security Administration to plaintiff.

**IT IS FURTHER ORDERED** that the foregoing award is subject to offset for any pre-existing debt plaintiff owes to the United States. After deducting any debt subject to offset, defendant shall pay the award directly to counsel for the plaintiff.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of October, 2019.